UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROUNCHE S. GREEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. HILL, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-1475 TLN SCR P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, originally filed this civil rights action in state court. In May 2024, defendants removed the case to federal court. (See ECF No. 1.) Defendants request that the court screen the complaint and seek an extension of time to answer the complaint. (ECF No. 3.) This court will grant defendants' motions. On screening, this court finds plaintiff states no claims for relief cognizable under 42 U.S.C. §1983. This court will dismiss the complaint with leave to amend.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing:  (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

II.     Discussion

   A. Plaintiff's Allegations

Plaintiff is currently incarcerated at Pelican Bay State Prison. He identifies as defendants Folsom State Prison Warden Rick Hill and the Prison itself. Plaintiff's complaint is brief. Plaintiff alleges defendants failed to mitigate the risk of exposure to Covid-19. As a result, plaintiff contracted Covid-19 twice between March 2020 and March 2022. (ECF No. 1-1.)

   B. Does Plaintiff State Claims Cognizable under §1983?

Plaintiff's allegations can be construed as an attempt to state a claim that prison conditions violated plaintiff's Eighth Amendment rights. However, plaintiff's allegations are too vague to state an Eighth Amendment claim. Below, this court provides plaintiff with the legal standards for stating an Eighth Amendment claim and the standards for showing a link between the defendant's conduct and the injury plaintiff claims to have suffered.

   1. Eighth Amendment Standards

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To state a claim of cruel and unusual punishment, a prisoner must allege that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Hampton v. California, 83 F.4th 754, 766 (9th Cir. 2023) (quoting Farmer, 511 U.S. at 832) cert. denied sub nom. Diaz v. Polanco, 2024 WL 2116277 (U.S. May 13, 2024). "The Amendment's protections extend to 'condition[s] of confinement that [are] sure or very likely to cause serious illness and needless suffering' in the future. . . . For instance, the Supreme Court has held that involuntarily exposing an inmate to

secondhand tobacco smoke by requiring him to bunk with a cellmate who smokes continuously can form the basis of an Eighth Amendment claim. . . . So too can exposing inmates to 'infectious maladies' such as hepatitis." Id. (internal citations omitted).

In sum, plaintiff must allege facts showing two things to state an Eighth Amendment claim. First, plaintiff must show that the risk of harm was so serious that it was "contrary to current standards of decency" to expose plaintiff to that risk. Id. Second, plaintiff must show defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

### 2. Linkage Requirement

To state a claim under section 1983, plaintiff must allege facts showing an actual connection between conduct of the defendant and the harm plaintiff suffered. Monell, 436 U.S. at 694. In other words, plaintiff must state facts showing just what he contends defendant Hill did or did not do, how defendant's actions show that he was deliberately indifferent to a substantial risk of harm to plaintiff, and how defendant's actions directly caused harm to plaintiff.

If plaintiff is alleging defendant is responsible for a prison policy that caused plaintiff harm, in order to state a claim under section 1983 plaintiff must: (1) identify the policy with specificity, (2) show that the defendant was directly responsible for it, (3) show that the defendant knew the policy could cause plaintiff harm, and (4) show how the policy caused him harm. See Starr, 652 F.3d at 1207-08.

### CONCLUSION

This court finds above that plaintiff fails to state any claims for relief cognizable under §1983. This court will dismiss the complaint and give plaintiff leave to file an amended complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the

1  complaint. The charging allegations must be set forth in the amended complaint so defendants
2  have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every
3  detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of
4  each claim. See Fed. R. Civ. P. 8(a).

5  Any amended complaint must show the federal court has jurisdiction, the action is brought
6  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must
7  contain a request for particular relief. Plaintiff must identify as a defendant only persons who
8  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
9  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a
10 constitutional right if that person was personally involved in the deprivation, set in motion acts by
11 others that resulted in the deprivation, or refused to terminate acts by others that resulted in the
12 deprivation). "Vague and conclusory allegations of official participation in civil rights violations
13 are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

14 In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
15 R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
16 R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
17 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

18 The Federal Rules of Civil Procedure contemplate brevity. Plaintiff's claims must be set
19 forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A.,
20 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which
21 was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. However, "a
22 complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on
23 its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570). A claim is
24 plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference
25 that the defendant is liable for the misconduct alleged." Id.

26 An amended complaint must be complete in itself without reference to any prior pleading.
27 E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.
28 By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendants' request for screening (ECF No. 3) is granted.
2. Defendants' request for an extension of time to answer to complaint (ECF No. 3) is granted.  Defendants need not file a response to the complaint until the court finds plaintiff states a cognizable claim for relief.  If and when the court so finds, the court will set a deadline for a responsive pleading.
3. Plaintiff's complaint (ECF No. 1-1) is dismissed with leave to amend.
4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: September 23, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE